# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHERMAN CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-207 (MTT) |
| | ) |
| MEGAN J. BRENNAN, | ) |
| Postmaster General, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pro se Plaintiff Sherman Carter brought this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Doc. 4. Defendant, Megan J. Brennan, Postmaster General of the United States Postal Service ("Agency"), moves to dismiss for failure to exhaust administrative remedies. Doc. 19. For the following reasons, the motion (Doc. 19) is **DENIED**.

## I. BACKGROUND[1]

On March 6, 2015, Carter, a former Postmaster in Jackson, Georgia, filed a complaint with the Agency's Equal Employment Opportunity office ("EEO") alleging that (1) he was subjected to discrimination on the basis of his race (African American), color

---

[1] The allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Additionally, Carter is proceeding pro se in this action and, while he had counsel at some stages during the administrative process, he apparently was pro se when he filed his original EEO complaint. Doc. 4 at 13. Carter's complaint must be liberally construed because he is a pro se litigant. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013).

(Black), sex (male), and age (55 years old) with respect to work assignments and overtime; (2) he was subjected to a hostile work environment; and (3) he faced reprisal for protected EEO activity. Docs. 4 at 7-8, 28-30;19-2 at 1.

Following the Agency's investigation, "no resolution was reached," and Carter was, therefore, "advised of his right to file a formal complaint of discrimination." Doc. 4 at 34. Carter appealed and requested a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Law Judge ("ALJ"). Doc. 4 at 8. Carter, who was then represented by counsel, sought permission to join a claim involving Sion New, the Agency's counsel, to the complaint.[2] Doc. 19-9. The Agency objected. Docs. 19-11; 19-13. The Agency moved for a decision without a hearing (Doc. 19-10), and the ALJ granted the motion (Doc. 19-2). The ALJ found Carter had not shown discrimination, hostile work environment, or reprisal for protected activity. Doc. 19-2. The ALJ also found Carter was not entitled to amend his complaint to include allegations involving New. Doc. 19-2 at 7. On May 10, 2018, the Agency issued a final order implementing the ALJ's findings. Docs. 4 at 8; 19-3 at 1.

Carter timely appealed to the EEOC's Office of Federal Operations ("OFO"). Doc. 4 at 7-10. On August 16, 2018, the OFO affirmed the ALJ's decision in favor of the Agency. *Id.* By letter dated September 5, 2018, Carter filed a request for reconsideration. Docs. 19-4; 19-5. Though it is unclear why, the OFO's record stated that Carter's request for reconsideration was filed on August 31, 2018. Doc. 19-5 at 1.

---

[2] As discussed in detail later in the Order, New represented the Agency during Carter's appeal to the EEOC. Doc. 19-1 at 9. New deposed Carter. Doc. 19-8. Following the deposition, New, or someone associated with New, contacted Debra Foster, Carter's supervisor at the Balcones Station Post Office in Austin, Texas and attempted to get a copy of Carter's recent application for temporary employment at that location. Docs. 4 at 21; 19-11. Carter accuses New of harassment, disparaging his name, and of trying to get him terminated from his temporary employment. *Id.* at 15.

On November 8, 2018, prior to any ruling on Carter's request for reconsideration, Carter filed a Title VII complaint in the United States District Court for the Western District of Texas.[3]  Docs. 1-1; 4.  Because the alleged unlawful employment practices occurred in Jackson, Georgia, the action was transferred to this Court.[4]  Docs. 5; 12; 13.

On January 29, 2019, the Agency notified the OFO that Carter had filed this action and requested the OFO dismiss Carter's request for reconsideration.  Doc. 19-6.  In a letter dated March 8, 2019, the OFO notified the parties that it was closing the case because Carter filed this action.  Doc. 19-7 at 1.

The Agency moves to dismiss Carter's complaint for failure to exhaust administrative remedies.  Doc. 19.  The Court notified Carter that he could submit affidavits or other documents to show exhaustion.  Doc. 23.  Carter has responded.  Docs. 21; 26.

## II. EXHAUSTION STANDARD

"Both federal statutes and EEOC regulations require a federal employee to exhaust an administrative process before filing a civil complaint of discrimination [or retaliation] in the workplace."  *Brown v. Snow*, 440 F.3d 1259, 1262 (11th Cir. 2006).  The defense of failure to exhaust non-judicial remedies raises a matter in abatement.  *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008).[5]  As in the case of other

---

[3] Carter was apparently living in Texas at the time.  Doc. 4 at 15.

[4] Carter's EEO complaint lists the "[i]nstallation [w]here [y]ou [b]elieve [d]iscrimination [o]ccurred" as: Forest Park, Georgia; McDonough, Georgia; Stockbridge, Georgia; and Jackson, Georgia.  Doc. 4 at 28.  The EEO Counselor's report shows Carter was Postmaster and lists Carter's actual work address as Jackson, Georgia.  *Id.* at 32.

[5] While the relevant issue in *Bryant* was whether the plaintiff exhausted his administrative remedies under the Prison Litigation Reform Act, the Eleventh Circuit has held in an unreported decision that there is no reason why *Bryant* should not apply to motions to dismiss under Title VII's exhaustion requirement.  *See Tillery v. U.S. Dep't Homeland Sec.*, 402 F. App'x 421, 424-25 (11th Cir. 2010) (holding that the general

-3-

matters in abatement, jurisdiction, venue, and service of process, a district court may—indeed, necessarily must—consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376 (citations omitted); *Brady v. Postmaster Gen., U.S. Postal Serv.*, 521 F. App'x 914, 916 (11th Cir. 2013) (quoting *Bryant*, 530 F.3d at 1376).

### III. DISCUSSION

The Agency makes two arguments regarding Carter's alleged failure to exhaust. First, the Agency argues that Carter failed to exhaust his administrative remedies when he filed this Title VII action 69 days after filing a request for reconsideration with the OFO. Doc. 19-1 at 4-9. This argument is foreclosed by binding Eleventh Circuit precedent. Second, the Agency argues that if Carter's complaint is not dismissed in its entirety, any claim alleging harassment or retaliation based on the conduct of New and Supervisor Debra Foster[6] should be dismissed for failure to properly present an administrative claim to the Agency as a prerequisite to filing suit. Construing the complaint liberally, the Court finds that it cannot dismiss Carter's claim that New's actions were a continuation of the harassment and retaliation he suffered while working for the United States Postal Service.

---

exhaustion principles relied upon in *Bryant* also apply equally to Title VII exhaustion); *see also Duberry v. Postmaster Gen.*, 652 F. App'x 770, 772 (11th Cir. 2016) (applying *Bryant* to Title VII and ADA claims).

[6] It is clear that while Carter's appeal was pending before the ALJ, he sought to add a claim that New unlawfully harassed and retaliated against Carter by attempting to have him terminated from his temporary position assisting with Christmas mail at the Balcones Post Office in Austin, Texas. Docs. 4 at 12; 19-9 at 1; 26 at 1. It is not clear, however, that he sought to make any allegations involving Debra Foster, his then-supervisor at the Balcones Post Office. Carter seems to indicate that Foster is simply a witness to his claim that New attempted to get him terminated. Doc. 26 at 1.

A. <u>The fact that Carter filed his Title VII complaint prematurely does not require dismissal for failure to exhaust.</u>

A federal employee who believes he has "been discriminated against on the basis of race, color, religion, [or] sex, . . . must consult [an EEO] [c]ounselor" within forty-five days of the alleged discriminatory action. 29 C.F.R. § 1614.105. If the dispute cannot be resolved, the counselor must inform the employee within 30 days after the initial contact of his right to file a formal complaint with the agency. 29 C.F.R. § 1614.106(b). Once he has this notice, he has 15 days to file "a complaint . . . with the agency that allegedly discriminated against the employee." 29 C.F.R. § 1614.106(a)-(b); *Brown*, 440 F.3d at 1262 (citing 20 C.F.R. § 1614.106(a)). When the employee requests a hearing, the EEOC appoints an ALJ. 29 C.F.R. § 1614.109(a). After the ALJ renders a decision, the agency issues a final order within 40 days of receipt of the ALJ's decision. 29 C.F.R. § 1614.110(a). The employee can appeal the agency's final order to either the federal district court or the OFO, a division of the EEOC. 29 C.F.R. § 1614.401(a); 29 C.F.R. § 1614.403(a); *Brown*, 440 F.3d at 1262-63 (citing 42 U.S.C. § 2000e-16(c)). If appealed to the OFO, the OFO reviews the appeal and issues a decision within 180 days. 29 C.F.R. § 1614.405(a); 28 C.F.R. § 1614.407(d). After the OFO has rendered its decision, the employee can either file an action in the district court "[w]ithin 90 days," 29 C.F.R. § 1614.407(c), or request reconsideration from the EEOC "within 30 days," 29 C.F.R. § 1614.405(c). If reconsideration if requested, the EEOC then has 180 days to investigate and reach a decision. 29 C.F.R. 1614.407(d). If no final decision is rendered within 180 days of the request for reconsideration, the employee may file a civil action in the district court. *Id.*

Carter filed this action just 69 days after the OFO noted he filed his request for reconsideration.  Docs. 19-4; 19-5.  Carter, therefore, undoubtedly filed his complaint prematurely.  The only issue is "whether prematurely filing a complaint is, by itself, a failure to exhaust administrative remedies."  *Brown*, 440 F.3d at 1263.

Relying on an unpublished decision from the Fifth Circuit, the Defendant argues that a premature filing equals a failure to exhaust.  Doc 19-1 at 8 (citing *Fobbs v. Potter*, 338 F. App'x 359 (5th Cir. 2009)).  That may be the law in the Fifth Circuit.  But, the Eleventh Circuit has stated that "our precedents . . . require that we discern from the record whether the [employee] participated in the administrative process in good faith." *Brown*, 440 F.3d at 1264.  In other words, in this Circuit, prematurely filing a complaint in federal court does not necessarily render administrative remedies unexhausted.  *Id*. The issue, regardless of the premature filing, is whether the employee refused to cooperate in good faith during the administrative process.  *Id*.

Perhaps recognizing that this is the ultimate issue, the Defendant cites an unpublished Eleventh Circuit decision for the proposition that an employee who files a premature complaint with the district court "'cannot be said to have cooperated in good faith.'"  Doc. 19-1 at 5 (quoting *Lawrence v. G-UB-MK Contractors*, 262 F. App'x 149, 153-54 (11th Cir. 2008)).  What the Defendant overlooks, however, is that the employee in *Lawrence* asked the EEOC to terminate her appeal and, as a result, the EEOC was not allowed the full 180 days to investigate and resolve her complaint.  262 F. App'x at 153.  The Eleventh Circuit held that in this situation, the employee did not cooperate in good faith during the administrative process and she, therefore, did not exhaust her administrative remedies.  *Id*. at 153-54.

However, Carter "did not ask the [OFO] to end its investigation, and there is no evidence that the [OFO] terminated its investigation before 180 days elapsed." *Brown*, 440 F.3d at 1264. Carter's request for reconsideration was filed August 31, 2018. Doc. 19-5 at 1. On January 29, 2019, the Agency, not Carter, asked the OFO to dismiss Carter's request for reconsideration. Doc. 19-6. It does not appear that the OFO closed the case until March 8, 2019. Doc. 19-7. At that time, Carter's request for reconsideration had been pending for 189 days.[7]

This is similar to the situation addressed in *Brown*, in which the Eleventh Circuit held that

> [f]rom all that appears in the record, the EEOC "was given every opportunity to investigate and resolve the dispute . . . ." Brown cooperated in good faith with the EEOC, and his early filing did not prevent the EEOC from investigating his complaint for the full 180 days. The district court correctly refused to dismiss Brown's complaint for failure to exhaust administrative remedies.

440 F.3d at 1264 (citation omitted).

*Brown* is binding precedent. Because Carter's early filing did not prevent the OFO from investigating the complaint for the full 180 days, the Defendant's motion to dismiss Carter's entire complaint for failure to exhaust administrative remedies is **DENIED**.

---

[7] The Defendant points out that the EEOC was shut down for 35 days from December 22, 2018 to January 26, 2019. Doc. 19-1 at 8 n.3. The Defendant states the EEOC was "'not able to take any action with regard to requests for reconsideration'" during that time. *Id.* (citation omitted). This may be true. But no lack of good faith participation on Carter's part had anything to do with the EEOC's inability to investigate his request for reconsideration during these 35 days.

B. <u>The Court cannot find that Carter failed to administratively exhaust his retaliation claims involving Sion New and Debra Foster.</u>

New represented the Agency when Carter's action was pending before the ALJ. Doc. 19-1 at 9. On December 9, 2016, New deposed Carter regarding the allegations in his EEO complaint. Doc. 19-8. New asked Carter several questions regarding an application he submitted for a position as "Postmaster Relief (Annuitant) in the Rio Grande District." *Id.* at 3-4. Carter told New that the Rio Grande District application was not his most recent. *Id.* at 8-9. He reported that he recently applied for and started work at a temporary position in the Balcones Station of the United States Postal Service in Austin, Texas. Docs. 19-8 at 9; 19-11 at 2. New asked Carter if he had a copy of this application. Carter responded that he did not, but New could "knock [him]self out" finding it. Doc. 19-8 at 9.

Apparently, someone acting under New's direction called Debra Foster in an attempt to obtain the employment application that Carter submitted for the Balcones Station job. Docs. 4 at 21; 19-11. The caller allegedly told Foster that she was calling "in reference to an EEO that was filed by" Carter, verified that Carter was temporarily employed at the Balcones Station Post Office, and requested a copy of Carter's application. Docs. 4 at 21; 19-11. Foster informed the caller she "did not handle the hiring," "had no personal information concerning his application," and provided contact information for the person who may have Carter's employment application. *Id.*

In a letter to New dated December 15, 2016, Carter's then-lawyer, Steven Pitzner, faulted New for contacting Foster. Doc 4 at 15-16. Pitzner accused New of "disparage[ing] Mr. Carter with Ms. Foster by . . . informing [her] that Mr. Carter had filed an EEOC complaint re. the post office . . . and that Mr. Carter should not be allowed to

-8-

work for the post office even in a temporary position for Christmas mail. . . ." Doc. 4 at 15. Pitzner informed New that "[s]uch actions would appear to be unlawful and beyond the scope of [his] duties as a US postal service contract attorney in reference to Mr. Carter's EEOC appeal." *Id.*

On January 6, 2017, Carter moved to amend his EEO complaint by letter to Supervisory ALJ Alison Smith-Lynne, who was presiding over Carter's complaint at the time. Doc. 19-9. He alleged New was trying to get Carter removed from his temporary work assignment at the Balcones Post Office. *Id.* at 1. He called New's conduct "highly improper and/or inappropriate," and said it showed "further issues re. apparent harassment . . . ." *Id.* The Agency objected to the motion to amend and filed a supplemental brief in opposition to the motion. Docs. 19-11; 19-13.

One year later, ALJ Smith-Lynn reassigned the case to ALJ Timothy Hagan. Doc. 19-12. On May 1, 2018, ALJ Hagan granted summary judgment in favor of the Agency and denied Carter's request to amend because

> the proposed amendment is not like or related to the original complaint. The allegedly retaliating officials in the proposed amended claim are not only different from those in the current claim, they work for the Agency's legal department in defense of the case. Clearly, Agency Counsel could not serve as the attorney in the original claim while serving as a witness in the amended claim. . . .

Doc. 19-2 at 7. On May 10, 2018, the Agency issued a final order implementing the ALJ's findings. Docs. 4 at 8; 19-3 at 1.

On May 17, 2018, Carter appealed to the OFO and simultaneously mailed ALJ Hagan a letter requesting a "re-hearing" on his motion to amend. Doc. 19-14. In the request for rehearing, Carter alleged that ALJ Smith-Lynn had already allowed him to amend, and Hagan's order, therefore, contradicted her previous order. *Id.* Hagan

declined to schedule a rehearing. Doc. 19-15. Carter sent a copy of his request for rehearing to the OFO and suggested that ALJ Hagan's order was "void" because ALJ Smith-Lynn had previously granted his motion to amend. Doc. 19-15. Carter requested the OFO assign a new ALJ to handle his "requested rehearing." Doc. 19-15 at 1.

The OFO affirmed the Agency's final order. Doc. 4 at 7-9. Regarding Carter's motion to amend, the OFO found that "the record does not indicate that any ALJ granted Complainant's" request to amend. Doc. 4 at 9. But, "assuming arguendo that a previous ALJ granted Complainant's motion to amend, [the OFO] f[ound] that it was not an abuse of discretion for the ALJ to reverse the previous ruling and deny [Carter's] request to amend." *Id.*

It is not entirely clear from Carter's complaint, Doc. 4, how New or Foster discriminated, harassed, or retaliated against Carter. Carter accuses New of "attempting to get [him] fired from various post-retirement work (i.e. Christmas Holiday work) for the [United States Postal Service] as a retired postmaster and to further get or attempt to get Carter's wife fired . . . ." Doc. 4 at 12. Carter states that since that call, he has not been offered any opportunities to work for the United States Postal Service. *Id.* Carter argues that New's actions "show an ongoing pattern of hostility toward me and my family." Doc. 26 at 1. As stated above, it is not clear that Carter alleges Foster committed any discriminatory, retaliatory, or harassing acts. In his response to the Defendant's motion to dismiss, Carter merely indicates that Foster is a witness who provided his then-counsel a statement detailing New's telephone call. *Id.*

The Agency argues that Carter has not exhausted any claims involving New and Foster. Doc. 19-1 at 9-14. The Agency states that the claims involving New and Foster

"are not like or related to [Carter's] underlying complaint." Doc. 19-1 at 13. Therefore, the proper course of action was for Carter to administratively exhaust these claims by first seeking pre-complaint counseling from the Agency's EEO office within 45 days of either (1) the discriminatory or retaliatory conduct; (2) the ALJ's decision denying Carter's motion to amend; (3) the Agency's final order implementing the ALJ's decision; or (4) the OFO's decision affirming the Agency's final order denying the motion to amend. Doc. 19-1 at 13. Because Carter did not even take this first step in exhausting his administrative remedies before filing this action, the Agency states these claims are not exhausted and must be dismissed. *Id.*

Claims in a Title VII lawsuit are typically limited to the scope of the EEOC charge. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). While claims that "amplify, clarify, or more clearly focus the allegations in the EEOC complaint" are allowed in a subsequent lawsuit, "allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (internal quotation marks and citation omitted). But "the scope of an EEOC complaint should not be strictly interpreted," and courts should be "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Gregory*, 355 F.3d at 1280 (internal quotation marks and citation omitted). "As long as allegations in the judicial complaint are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them." *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980).[8]

---

[8] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Construed liberally, Carter alleges that New harassed and retaliated against him when he called Foster and informed her of Carter's EEO activities. This conduct occurred after Carter filed his EEO complaint. In his EEO complaint, Carter, in rather broad language, raised the issue of harassment and retaliation for EEO activity. Doc. 4 at 7-8. Specifically, he alleged "reprisal for prior protected EEO activity when . . . [b]eginning on November 1, 2014, [he was] subjected to ongoing harassment, as 'it has been one thing after another.'" *Id*. Of course, this alleged unlawful conduct would have occurred while Carter was Postmaster General in Jackson, Georgia. The relevant issue is whether his new claim of harassment and/or retaliation involving New is reasonably related to the allegations in Carter's original EEO complaint. In other words, the question is whether the claim involving New "'amplify, clarify, or more clearly focus the allegations in the EEOC complaint.'" *Gregory*, 355 F.3d at 1279 (citations omitted).

Relying on an unpublished Eleventh Circuit decision, the Agency argues that Carter must exhaust his administrative remedies for the claims involving New and Foster as a prerequisite to asserting the claims in this Court. Doc. 19-1 at 13 (citing *Basel v. Sec'y of Def.*, 507 F. App'x 873, 876 (11th Cir. 2013)). *Basel*, however, is distinguishable. Basel "filed a letter" with the Navy's EEO Specialist complaining "of harassment and a hostile work environment." 507 F. App'x at 874. The Navy fired him approximately two weeks later. *Id*. He filed a Title VII complaint alleging "that, in terminating him, the Navy discriminated against him on the basis of sex, and retaliated against him for filing his letter." *Id*. The defendant moved to dismiss for failure to exhaust. *Id*.

The Eleventh Circuit stated that

> it is unnecessary for a plaintiff to exhaust administrative remedies prior to raising a judicial claim of retaliation that grows out of an earlier charge. Where a retaliation claim grows out of an administrative charge that the plaintiff properly presented to the court, the district court has ancillary jurisdiction over the claim. A district court, however, may not consider a retaliation claim that was not first administratively exhausted where no other properly raised judicial claim exists to which the retaliation claim may attach.

*Id*. at 875 (citations omitted).

Basel never raised his wrongful termination claim in the EEO complaint. *Id*. The wrongful termination claim was the only claim to which Basel's retaliation claim could have attached. "Having failed to present his termination claims to the Navy, Basel could not rely on the district court's ancillary jurisdiction to save his retaliation claim." *Id*.

In his EEO complaint, Carter raised a retaliation claim based on harassing conduct. Doc. 4 at 7-8. Specifically, he alleged that he was subjected to ongoing harassment in retaliation for his EEO activity. *Id*. Thus, unlike Basel, Carter has a properly exhausted claim to which his harassment or retaliation claim involving New and Foster may attach. Construing Carter's complaint liberally, the Court finds his retaliation or harassment claim involving New and Carter "grows out of" a retaliation claim that is properly before the Court. *Basel*, 507 F. App'x at 875. Thus, the Court **DENIES** the Agency's motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, the Agency's motion to dismiss (Doc. 19) is **DENIED**.

**SO ORDERED**, this 10th day of December, 2019.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT