IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHERMAN CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-207 (MTT) |
| | ) |
| LOUIS DEJOY, *Postmaster General*, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Sherman Carter asserts three claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2: (1) race discrimination, (2) sex discrimination, and (3) retaliation.  Doc. 4 at 1-4.  His complaint also includes claims for hostile work environment and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621.  *Id*.  Defendant, Louis DeJoy, Postmaster General of the United States Postal Service (the "Agency") moved for summary judgment on all claims.  Doc. 40.  Recent Eleventh Circuit decisions altered, in part, the test for analyzing claims of retaliatory hostile work environment, discrimination and retaliation under Title VII, and age discrimination under the ADEA brought by plaintiffs in the federal sector.  *See Babb v. Sec'y, Dep't of Vet. Affs.*, 2021 WL 1219654 (11th Cir. Apr. 1, 2021); *see also Tonkyro v. Sec'y, Dep't of Vet. Affs.*, 2021 WL 1539964 (11th Cir. Apr. 20, 2021); *Durr v. Sec'y, Dept. of Vet. Affs.*, 2021 WL 1291135 (11th Cir. Apr. 7, 2021).  Both parties

appear to have analyzed the relevant claims under tests that "no longer apply." *Durr*, 2021 WL 1291135, at *1.  Therefore, supplemental briefing is required.

The parties analyze Carter's discrimination and retaliation claims using the burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  In the private-sector context, *McDonnell Douglas* remains the proper test for these claims.  However, the Supreme Court in *Babb v. Wilkie*, 140 S. Ct. 1168, (2020), "all but prewrote" the Circuit's decision in *Babb v. Sec'y, Dep't of Vet. Affs.*, which provides a different test for Title VII and ADEA federal-sector claims.  *Babb*, 2021 WL 1219654, at *4 (quoting *Allen v. Cooper*, 140 S. Ct. 994, 1007 (2020)).

As to Carter's retaliatory hostile work environment claim, both parties also use the "severe and pervasive" test that the Circuit disapproved.  *Babb*, 2021 WL 1219654, at *10-11.  Relying on *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855 (11th Cir. 2020), the Circuit established that the proper standard is "whether the employer's complained-of action 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Babb*, 2021 WL 1219654, at *10-11 (quoting *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006)).

Accordingly, both parties are **ORDERED** to submit briefs within 21 days addressing Carter's claims under the proper standard.

**SO ORDERED**, this 26th day of April, 2021.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT